```
               IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

     IN RE:                     :    CHAPTER 13
                                :
     Charles and Hien Nguyen    :    No.  1
              Debtor            :
                                :    19-13854-AMC
```

ANSWER TO MOTION FOR AN ORAL EXAMINATION OF THO NGUYEN UNDER RULE 2004 AND CERTIFICATE OF SERVICE
====

1. Admitted.

2. Admitted.

3. Movant had objected prior to the case being confirmed in which it alleged fraud and then failed to pursue its claim. Movant also failed to heed the advice and directions of the Court that it should file an adversary proceeding against the debtors if it alleged fraud, as it raised those issues substantially close to the confirmation date. Movant fails to note that he tried to pressure the married Debtor Hien Nguyen into having sexual relations with him necessitating the involvement of the police.

4. Debtor opposes the same based on the prior actions of Movant in this case and leaves it to the Court to determine if the same is appropriate.

5. Admitted in part. Denied in part. Admitted that Movant's counsel contacted Debtor's counsel over 3 days prior to filing the motion. Denied that Debtor's counsel did not respond to the call. Attached is a copy of the email from Creditors Counsel along with a copy of the response of Debtor's Counsel to the email. See Exhibit "A".

Counterclaim against Tho Nguyen

6. Debtor incorporates paragraphs 1-5 as though more fully set forth herein.

7. This is really an attempt to revoke confirmation. Movant was advised that if there was a suspicion of fraud then Movant should file an Adversary proceeding against the debtors.

8. The failure of the Objector to pursue any pre-petition issues bars the same from being raised at any time post-confirmation, absent fraud by the debtor.

9. Both Debtors and their daughter will appear to testify due to what has occurred in this case, including the texts from Tho Nguyen sent to Debtor Hien Nguyen. It is expected to take a number of hours. In addition, the debtors will need an interpreter and it is requested the Movant compensate the debtors for his not appearing at the confirmation hearing, yet having the interpreter appear which was unnecessary since Movant did not intend to appear.

10. We should note that Movant filed substantial allegations against the debtor's just days prior to the final confirmation hearing and then completely failed to pursue the allegations and completely failed to appear.

11. The Movant walked away from its opportunity to bring up any issues of fraud which it alleged pre-confirmation.

12. Counsel asks that the debtors be compensated and all legal fees incurred in this case involving post-confirmation litigation be reimbursed by Tho Nguyen for failure to pursue the fraud he alleged in this prior allegations

13. The Courtroom Deputy, Joan Ranrieri, was aware that the contested hearing was expected to take a substantial amount of time and correctly said that the hearing would be held at the end of the list as this would be the most time consuming case on the list.

14. At the end of the list when the case was called the objector failed to appear. Debtor's counsel did not receive any notice that the Objector would not be appearing. Afterwards, the Court entered an Order confirming the debtor's case.

Under normal circumstances, Debtor's counsel has no problem with a 2004 examination and no motion would even have been required. But this is far from a normal case.

Wherefore, Debtor respectfully requests that Court deny Tho Nguyen's Motion, reimburse the debtors for the interpreter for not appearing at the last hearing in the amount of $170.00, as the only reason for the interpreter Andrew Tang to appear was to interpret any testimony, any legal fees starting with the filing of the motion and for such further relief as this Court deems just and proper in this specific case.

                                        /s/ David M. Offen
                                        David M. Offen
                                        Attorney for Debtors

Dated: 10/18/2021

A copy of this Answer is being served on Matthew Nahrgang, Esquire and the Chapter 13 Trustee.

                                        /s/ David M. Offen
                                        David M. Offen
                                        Attorney for Debtors

Dated: 10/18/2021