**NAHRGANG & ASSOCIATES, P.C.**
**BY: MATTHEW R. NAHRGANG, ESQUIRE**
**ATTY. I.D.: 60051**
**35 Evansburg Road**
**Collegeville, PA 19426**
**(610)489-3041**
**E-Mail mnahrgang@verizon.net**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES K. NGUYEN | : No. 19-13854 |
| HIEN T. NGUYEN | : |
| Debtors | : |

---

| | |
|---|---|
| | : |
| THO NGUYEN | : |
| Plaintiff | : Adversary No. |
| | : |
| v. | : |
| | : |
| CHARLES K. NGUYEN AND HIEN T. NGUYEN | : |
| Defendants | : |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO**
**LOCAL RULE 4004-3(C), 11 USC 1328(E)(1), AND 11 USC 105(A)**

1.  The Plaintiff, Tho Nguyen, is an individual and creditor in this case with an address of 534 E Broad Street, Souderton, PA 18964.

2. Defendants, Charles K Nguyen and Hein T Nguyen, are the Debtors in this case.  According to the Petition filed in this case and the Clerk's Service List, Defendants' address is 148 Penn Ave, Souderton, PA 18964.

3.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(B),(C),(K), and an adversary proceeding pursuant to Bankruptcy Rule 7001.

4.   The Court has jurisdiction of this action pursuant to 28 U.S.C. §157(b)(2)(A),(B),(C),(K), and 1334.  Venue is proper pursuant to 28 U.S.C. §1409(a).

5.   On June 14, 2019, Defendants filed a Petition seeking relief under Chapter 7 of the Bankruptcy Code.  On that date, relief was granted.  In November of 2019, the case was converted to one under Chapter 13.

6.   On or about March 1, 2024, the Clerk issued a Notice of Deadline to Object to Discharge which deadline was March 15, 2024.  On or about March 14, 2024, Plaintiff, by and through his counsel, filed an Objection to Discharge.  On June 12, 2024, this Honorable Court approved a Stipulation between the instant parties and the Standing Chapter 13 Trustee to the filing of this Adversary Complaint which shall be considered Nunc pro Tunc, effective March 14, 2024.

7.   Local Bankruptcy Rule 4004-3(c) provides that objections to discharge in a Chapter 13 may be filed within 14 days after notice and plaintiff complied with that requirement.  Hence, this Objection is timely pursuant to the original objection and the aforementioned Stipulated Order.

8.   11 USC 1328(e)(1) affords any interested party an opportunity to seek revocation of a Chapter 13 Discharge within one year after the Order of Discharge based upon fraud by the Debtor, but only if such fraud was unknown to the interested party prior to the Order of Discharge.  Plaintiff is aware of such fraud and has filed a timely objection prior to an Order of Discharge.  Plaintiff respectfully submits that, pursuant to 11

USC 105(a), this Honorable Court has the jurisdiction and authority to consider such objection to further the spirit and purpose of the Bankruptcy Code and to avoid an absurd result in which an interested party is deprived of the ability to object to discharge even though aware of fraud prior to discharge, so may not seek revocation.

9. Plaintiff respectfully submits that, to be eligible for discharge under 11 USC 1328(a) all of the requirements for confirmation found in 11 USC 1325 must be maintained throughout the entire Chapter 13 case, including, but not limited to:

   a. payment to unsecured creditors must be no less than the value of property of the estate, which in turn includes post petition income and assets pursuant to 11 USC 1306(a).  11 USC 1325(a)(4).

   b.  all disposable income must be paid to unsecured creditors pursuant to 1325(B)(1)(b).

10. Plaintiff believes, and there avers, that Debtors have an affirmative obligation to disclose to the court any substantial changes in circumstances that would effect property of the estate and or disposable income, mandating a modification to the Plan.  Plaintiff respectfully submits that Debtors intentionally failed to do so which constitutes fraud upon the court, warranting denial of discharge as creditors did not receive what was required by 11 USC 1325 due to such fraud.

11. Plaintiff believes, and therefore avers, that Debtors committed fraud upon the court by failing to disclose the following:

      a. significant changes in their household income, and failing to amend schedules I and J and the Plan to reflect such significant household contributions by Ta Nguyen (Ta), son of Hien Nguyen, who lives with Debtors.

      b. such changes in projected income through the life of the Plan, and failing to amend Form 122C.

      c. that Hien Nguyen was and is engaging in business through her proxy, Ta, while claiming no such business is being operated on their or her behalf. The 2021 1040 of TA reflects profit from his alleged LLC of $101,146.00 while he lived with Debtors and contributed to household expenses, none of which was disclosed to creditors or the Court. Objector believes, and therefore avers, that the profit is actually higher as the claimed deductions from the LLC gross include $249,220 in claimed supplies. Plaintiff believes, and therefore avers, that some customers of the business allegedly operated by TA know and understand Hien to be the true owner.

      d. the purchase of real estate on or about November 28, 2022 in Telford PA, nominally in the name of Ta aka William, but which Plaintiff believes is actually owned by Debtors.

      e. Debtors move to the Telford property and renting

out the Souderton address yielding yet more undisclosed income.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Debtors discharge.

Respectfully submitted,

/s/*Matthew R. Nahrgang*

_____
Matthew R. Nahrgang,
Attorney for Plaintiff