**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re: **Charles Nguyen, Hien Nguyen- Debtors**

Case No: **19-13854**

FILED

SEP 1 2 2025

# EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## (PRO SE)

**Charles and Hien Nguyen** ("Debtors"), appearing pro se due to counsel's inaction on this matter, respectfully move this Court to compel Plaintiff **Tho Van Nguyen** to produce documents pursuant to **Federal Rule of Bankruptcy Procedure 7037** and **Federal Rule of Civil Procedure 37(a)(1)**, and state as follows:

## 1. BASIS FOR MOTION (BACKGROUND)

Debtors are defending against allegations by Plaintiff that Debtors own or control **XUAT CANH MY DBA**, a business registered solely to Debtors' son, **Ta Nguyen**.

Plaintiff relies on three main points, each of which is refuted by sworn filings and documentary evidence:

1. **Text messages with Roy** – implying Debtor acted on behalf of the business.

   These messages merely show Debtor occasionally assisted her son in communicating with customers **on behalf of the actual business owner**, and do not constitute legal evidence of ownership or managerial control.
   *See Exhibits M-17 through M-23.*

2. **Debtor's email address used in fictitious name registration filings.**

   The use of a personal email does not establish ownership under Pennsylvania law.
   *See Exhibit M-14.*

3. **Media report (ABC6)** – unverified hearsay, not competent evidence of ownership.
   *See Exhibit M-24.*

## 1A. ARGUMENT – PRIOR DISCOVERY AND BURDEN (Exhibit M-25)

- Plaintiff's current attempt to suggest that Debtors own or control of XUAT CANH MY DBA is duplicative of discovery already conducted two years ago. On May 19, 2023, Plaintiff subpoenaed and deposed Debtors' son, Ta, for several hours. Plaintiff's counsel obtained Ta's bank statements, credit card records, and IRS tax filings; Extensively questioned him about the fictitious name registration, the nature of the business, and his parents' role; This

record conclusively establishes that Plaintiff had full discovery on this issue but could not prove Debtors' ownership or control. Any further attempt to pursue this claim without new evidence is duplicative and harassing.

- Plaintiff also received testimony under oath that Ta is the sole proprietor. During that deposition, he had already conducted full discovery and failed to produce competent evidence of Debtors' ownership or control.  (See Exhibit M-25, Transcript pp. 9–13, 36–37, 42–43.)

- This prior discovery demonstrates Plaintiff has already exhausted this line of inquiry without success, and the present allegations merely repeat issues previously addressed.

Compelling Plaintiff to produce competent documentary evidence serves judicial economy and prevents relitigating this issue with vague hearsay (e.g., ABC6 report). Debtors request the Court either compel production or preclude Plaintiff from raising this claim at the September 18, 2025 hearing.

**Critically, Plaintiff already had the opportunity to examine Ta. Under oath, Ta testified:**

☐  "I am the one who registered the fictitious name **XUAT CANH MY DBA** when I turned 18." (Ex. M-25, p. 9)

☐  "It's just me running it as a sole proprietor. My parents don't get paid and don't make business decisions." (Ex. M-25, pp. 10–11)

☐  "Sometimes I asked my mom to talk to the bank when there was a problem, but she just helped me, she's not an owner." (Ex. M-25, p. 13)

"[Q:] Did your mother ever sign a contract with a customer?

[A:] No. I handled the bookings myself." (Ex. M-25, p. 36)

**Debtors' own bankruptcy filings and testimony further confirm no business interest:**

See Exhibits M-1 (Schedule A/B, line 37 "No"), M-2 (SOFA Question 27 "No"), M-5 (Schedule I/J $0 business income), and M-6, M-7, M-12, M-13 (deposition testimony confirming no business).

**And Ta's tax returns establish he, not Debtors, is the sole proprietor:**

See Exhibit M-15 (2021 IRS Form 1040 & Schedule C showing $351,626 gross receipts and $101,146 net profit under Ta Nguyen's SSN).

*See also* **Ex. M-16** (payment record dated **Nov. 29, 2023**) reflecting funds paid by a customer (Roy) **to "XUAT CANH MY DBA," not to Debtor Hien Nguyen**, corroborating that transactions flowed to the sole proprietor's DBA rather than to Debtor personally.

## 1B. DEBTORS' CONCERN REGARDING UNFAIR PREJUDICE

criminals based on insufficient evidence. Debtors therefore urgently seek the Court's intervention to require Plaintiff to produce competent, documentary proof — or else withdraw these allegations — so Debtors are not forced to defend against what may amount to an unfounded, quasi-criminal accusation.

## 2. DOCUMENTS REQUESTED

Debtors request that Plaintiff produce, no later than **September 16, 2025**:

1. Articles of incorporation or business registration documents naming Debtors as owners.
2. Operating or shareholder agreements showing Debtors' ownership or managerial role.
3. Tax filings or financial records listing Debtors as owner or beneficiary.
4. All documents relied upon by ABC6 to substantiate its report.
5. Any verification from state authorities linking Debtor's email to ownership or managerial authority.
6. Any other documents directly evidencing Debtors' ownership or control of **XUAT CANH MY DBA**.

Debtors note that none of Plaintiff's existing exhibits meet the evidentiary standard required under **15 Pa.C.S. §§ 4121–4123 (Fictitious Names Act), §§ 8801 et seq. (LLC Act), or §§ 1301 et seq.** (Business Corporation Law). These requested documents are necessary to fairly refute Plaintiff's allegations and to confirm that business ownership and control rest solely with Ta Nguyen.

## 3. URGENCY

A hearing is scheduled for **September 18, 2025**. Without the requested documents, Debtors will be forced to defend against unverified allegations, creating unfair prejudice. Expedited consideration under **Fed. R. Bankr. P. 9006** is warranted.

**WHEREFORE, Debtors respectfully request that the Court:**

1. Compel Plaintiff to produce the requested documents by September 16, 2025;
2. Consider this Motion on an expedited basis;
3. Take judicial notice of Exhibits M-1 through M-25; and
4. Grant such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Debtors certify that good-faith attempts were made to obtain these documents to attorney through counsel via email on September 11, 2025, but no meaningful response was received.

# UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA

## In re: Charles Nguyen and Hien Nguyen – Debtors Case No.: 19-13854

## NOTICE OF MOTION, RESPONSE DEADLINE, AND HEARING DATE

**TO: Tho Van Nguyen and Matthew R. Nahrgang, Esquire**

PLEASE TAKE NOTICE that on September 12, 2025, Debtors filed an Emergency Motion to Compel Production of Documents in the above-captioned case.

Any response or opposition to the motion must be filed and served by September 14, 2025 (expedited due to 9/18 hearing). If no response is filed, the Court may grant the motion without further notice.

The motion will be considered at the hearing on September 18, 2025, U.S. Bankruptcy Court

Dated: September 12, 2025

Charles and Hien Nguyen (Pro Se)

148 Penn Ave, Souderton, PA 18964

Tel: 267-471-8502 | Email: cn78858@gmail.com

**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA**

In re: **Charles Nguyen and Hien Nguyen** – Debtors Case No.: 19-13854

PROPOSED ORDER

AND NOW, this ___ day of September 2025, upon consideration of the Debtors' Emergency Motion to Compel Production of Documents, and good cause appearing due to the imminent September 18, 2025 hearing and counsel's inaction, it is hereby:

ORDERED that Plaintiff **Tho Van Nguyen** shall produce the following documents no later than September 16, 2025:

1. Articles of incorporation, business registration, or fictitious name filings naming Debtors as owners or managers of **XUAT CANH MY DBA.**

2. Operating agreements, shareholder agreements, or other corporate governance documents naming Debtors as owners or managers;

3. Tax filings or financial records listing Debtors as owners or beneficiaries;

4. Any documents or sources relied upon by ABC6 to substantiate its report concerning Debtors' alleged involvement;

5. Any documents verifying that Debtor's email address on the registration filings was relied upon by state authorities as proof of ownership or managerial control; and 6. Any other documents directly evidencing Debtors' ownership or control **XUAT CANH MY DBA.**

IT IS FURTHER ORDERED that this matter is set for expedited consideration **under Fed. R. Bankr. P. 9006,** and that failure to produce the above documents by the deadline may result in sanctions, including preclusion of Plaintiff from presenting evidence of Debtors' alleged business ownership at the September 18, 2025 hearing.

BY THE COURT: _____

**Honorable Ashely M. Chan**

United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion, with attached Exhibits M-1 through M-25, was sent via certified mail and email to Plaintiff **Tho Van Nguyen** and his counsel, **Matthew R. Nahrgang, Esquire**, on September 12, 2025.

**Dated:** September 12, 2025
Respectfully submitted,

**Charles Nguyen and Hien Nguyen (Pro Se)**
148 Penn Ave, Souderton, PA 18964
Tel: 267-471-8502 | Email: cn78858@gmail.com
Emergency Phone # 267 471 4426

**Charles and Hien Nguyen**

Charles Nguyen

## Proposed Exhibit Chart for Motion (M-1 through M-25)

| Exhibit | Date / Period | Description | Purpose / Relevance |
|---|---|---|---|
| M-1 | 2019 | Schedule A/B – Line 37 marked "No" | Demonstrates that Debtors disclosed **no business assets** under oath. |
| M-2 | 2019 | Statement of Financial Affairs – Question 27 marked "No" | Shows Debtors reported **no business or self-employment activity** within four years pre-petition. |
| M-3 | Sept. 2025 search | Pennsylvania Department of State business search result – "NTH LLC" no records found | Confirms no registered LLC connected to Debtors. |
| M-4 | 2018–2019 | Montgomery County docket in *Tho Nguyen v. Charles & Hien Nguyen* | Provides civil case background; does not establish business ownership. |
| M-5 | Nov. 2019 | Schedules I & J (Income & Expenses) | Shows only wage and Social Security income; **$0 business income** reported. |
| M-6 | Deposition of Charles Nguyen (pp. 15–18) | Transcript excerpt confirming income and expenses listed on Schedules I & J are correct. | |
| M-7 | Deposition of Hien Nguyen (p. 33) | Hien testifies she does **not own or operate a business**. | |
| M-10 | Sept. 2021 | Charles Nguyen's bank statement | Demonstrates ordinary consumer transactions; no business revenue shown. |
| M-12 | Deposition of Hien Nguyen (pp. 20–24) | Additional sworn testimony confirming no business interest or control. | |
| M-13 | Deposition of Hien Nguyen (p. 30) | Further testimony denying business ownership. | |
| M-14 | 2020 | Pennsylvania Fictitious Name Registration | Merely shows name registration with Hien's email; does not prove ownership or capital contribution. |
| M-15 | Tax Year 2021 | Ta Nguyen's IRS Form 1040 and Schedule C | Confirms Ta Nguyen is the sole proprietor of the business; $351,626 in gross receipts reported under his SSN. |
| M-17 | 12/13/2021 | Email/text – "Trouble with travel" | Shows Debtors following up on travel problems on behalf of the business owner. |
| M-18 | 12/15/2021 | Email/text – "Flight info or refund" | Evidence that Debtors sought resolution/refund **as representatives,** not owners. |
| M-20 | 01/18–19/2022 | "Reduced refund status" | Continuation of refund discussion. |
| M-21 | 01/23–24/2022 | Refund request communications | Demonstrates Debtors' efforts to resolve customer issue, not to run a business. |
| M - 16 | 11/29/2023 | **Personal check from client** | Bank/Payment record showing payment to "XUAT CANH MY DBA (not to Hien Nguyen) |

| Exhibit | Date / Period | Description | Purpose / Relevance |
|---|---|---|---|
| **M-22** | 02/11/2022 | Email acknowledging payment, referencing refund and slander | Context of dispute; no admission of business ownership. |
| **M-23** | 02/14/2022 | Continued discussion on refund and slander | Further shows Debtors' communications were representative only. |
| **M-24** | 06/2024 | ABC6 News Report | Public report of multiple consumer complaints; not competent evidence of ownership. |
| **M-25** | 05/19/2023 | Transcript of Deposition of Ta Nguyen (highlighted excerpts pp. 9–13, 36–37) | Confirms Ta registered and operates the business as a sole proprietor; parents only provided occasional unpaid help. Shows Plaintiff already conducted discovery and failed to prove Debtors' ownership or control. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:
Charles Nguyen and Hien Nguyen – Debtors
Case No.: 19-13854

EXHIBIT M-1

Description: Schedule A/B – Line 37 marked 'No'

Purpose: Shows no business assets disclosed under oath.

Case 19-13854-amc   Doc 207   Filed 09/12/25   Entered 09/12/25 13:34:34   Desc Main
Document   Page 10 of 25

Debtor 1   **Charles K Nguyen**
Debtor 2   **Hien T Nguyen**

Case number *(if known)*   **19-13854-amc**

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
   ☒ No
   ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ☒ No
   ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ☒ No
   ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
   ☒ No
   ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**..........................................................................................................   **$8,950.00**

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☒ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ☒ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ☒ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................   **$0.00**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:
Charles Nguyen and Hien Nguyen – Debtors
Case No.: 19-13854

EXHIBIT M-2

Description: Statement of Financial Affairs – Question 27 marked 'No'

Purpose: No business or self-employment within four years prepetition.

Debtor 1    **Charles K Nguyen**
Debtor 2    **Hien T Nguyen**

Case number (*if known*)    **19-13854-amc**

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☑ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
| --- | --- | --- | --- |

**Part 9:** Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
| --- | --- | --- | --- |

**Part 10:** Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
| --- | --- | --- | --- |

25. Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
| --- | --- | --- | --- |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
| --- | --- | --- | --- |

**Part 11:** Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

■ A member of a limited liability company (LLC) or limited liability partnership (LLP)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:
Charles Nguyen and Hien Nguyen – Debtors
Case No.: 19-13854

EXHIBIT M-5

Description: Schedules I & J (Income and Expenses)

Purpose: Shows $0 business income reported.

Fill in this information to identify your case:

Debtor 1        Charles K Nguyen

Debtor 2        Hien T Nguyen
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF PENNSYLVANIA

Case number      19-13854-amc
(If known)

Check if this is:

☑ An amended filing
☐ A supplement showing postpetition chapter
   13 income as of the following date:
   _____
   MM / DD/ YYYY

# Official Form 106I
# Schedule I: Your Income                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:      Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | **Employment status** | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
   | **Occupation** | Machinist | |
   | **Employer's name** | Tretter Manufacturing Company | |
   | **Employer's address** | 451 N Cannon Avenue, Suite 900A<br>Lansdale, PA 19446 | |
   | **How long employed there?** | September 2010 | |

## Part 2:      Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ 3,985.24 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.  $ 3,985.24 | $ 0.00 |

Debtor 1  **Charles K Nguyen**

Debtor 2  **Hien T Nguyen**

Case number (*if known*)  **19-13854-amc**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here .................................................................... | 4. | $ 3,985.24 | $ 0.00 |
| 5. | List all payroll deductions: | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 957.32 | $ 0.00 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| | 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| | 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| | 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| | 5h. **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 957.32 | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 3,027.92 | $ 0.00 |
| 8. | List all other income regularly received: | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| | 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| | 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| | 8e. **Social Security** | 8e. | $ 1,350.00 | $ 511.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: **Social Securitry for children** | 8f. | $ 0.00 | $ 1,022.00 |
| | 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| | 8h. **Other monthly income.** Specify: **2018 Tax Refund over 12 months** **$4406/12** | 8h.+ | $ 367.16 + | $ 0.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 1,717.16 | $ 1,533.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 4,745.08 + | $ 1,533.00 = $ 6,278.08 |
| 11. | **State all other regular contributions to the expenses that you list in** *Schedule J.* Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: _____ | 11. | +$ 0.00 | |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. | $ 6,278.08 **Combined monthly income** | |

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: [_____]

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Charles K Nguyen** |
| Debtor 2 (Spouse, if filing) | **Hien T Nguyen** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | **19-13854-amc** |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:      Describe Your Household

1.  **Is this a joint case?**

☐ No. Go to line 2.

☑ Yes. **Does Debtor 2 live in a separate household?**

☑ No

☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**      ☐ No

Do not list Debtor 1 and Debtor 2.

☑ Yes. Fill out this information for each dependent..............

Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | Daughter | 9 | ☐ No  ☑ Yes |
| | Son | 17 | ☐ No  ☑ Yes |
| | | | ☐ No  ☐ Yes |
| | | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ☑ No   ☐ Yes

### Part 2:      Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 1,468.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Charles K Nguyen** | | | |
| Debtor 2 | **Hien T Nguyen** | | Case number (if known) | **19-13854-amc** |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | 380.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 110.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 300.00 |
| | 6d. Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 1,000.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 250.00 |
| 10. | **Personal care products and services** | 10. | $ | 100.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 80.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 25.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 0.00 |
| | 15b. Health insurance | 15b. | $ | 100.00 |
| | 15c. Vehicle insurance | 15c. | $ | 155.00 |
| | 15d. Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 172.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. Other. Specify: | 17c. | $ | 0.00 |
| | 17d. Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | 500.00 |
| | Specify: **Debtor 2's parents in their 70's** | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: **Cigarettes** | 21. | +$ | 270.00 |
| | **Out of pocket dental expenses for Stepson** | | +$ | 250.00 |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 5,760.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 5,760.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 6,278.08 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 5,760.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 518.08 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. | Explain here: |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:

Charles Nguyen and Hien Nguyen – Debtors

Case No.: 19-13854

EXHIBIT M-6

Description: Deposition of Charles Nguyen (pp. 15–18)

Purpose: Confirms Schedules I & J are accurate.

CHARLES K. NGUYEN

15

1    Q.        Now, do you see what has been marked as

2    D-3?

3    A.        Yes.

4    Q.        And do you recognize that document?

5    A.        The document, let's see.  That's me, yes.

6    Yes.

7    Q.        And I will represent to you that once

8    again, this is your Schedules I and J that were

9    pulled from your bankruptcy docket.

10   A.        Yes.

11   Q.        Okay.  Now, you can see it reflects on

12   page 2 your total income, total combined income,

13   household income.

14   A.        Yes.

15   Q.        Do you see that there at the bottom?

16   A.        Which one?  The last?

17   Q.        Page 2.

18   A.        Page 2.

19   Q.        And down the bottom there?

20   A.        The total is down here, estimate.

21   Q.        It's No. 12, combined monthly income.

22   Down the bottom, No. 12.  I'm perfectly fine if your

23   attorney shows you where.

24   A.        Yeah.  Yeah.  I understand.  I understand.

CHARLES K. NGUYEN

16

1                    MR. OFFEN:  The combined is --

2    BY MR. NAHRGANG:

3    Q.        So you see the combined total income based

4    on No. 12?

5    A.        No.  Combined total income, you mean not

6    like a cross income, right?  That's why I'm

7    confusing it.

8                    MR. OFFEN:  Husband and wife

9            income combined is what that is.

10                    THE WITNESS:  What year is it?

11            The year I filed the -- the year I filed,

12            right?

13                    MR. OFFEN:  '19.

14   BY MR. NAHRGANG:

15   Q.        Well, this document was filed November 5,

16   2019.

17   A.        Yes.

18   Q.        So on November 5, 2019, on line 12, you

19   reflect total combined household income of

20   $6,278.08; is that correct?

21   A.        Before I answer you, I want to confirm

22   everything.  It's the way I work, okay?  Me and my

23   wife, I work, my wife work.  So I just want to --

24   see, when I work, it don't make sense to make only

CHARLES K. NGUYEN

17

1   $6,000 a year.

2                         MR. OFFEN:  Monthly income.

3                         THE WITNESS:  Oh, monthly.  You

4        didn't say monthly.

5   BY MR. NAHRGANG:

6   Q.        It's your form, sir.

7   A.        Your form, but you didn't ask me the right

8   question.  So I can't answer you.

9   Q.        I asked several times the monthly

10  household income.

11  A.        I'm sorry.  I mishear you.  The monthly is

12  6,000, correct.

13  Q.        Thank you.

14  A.        Yes.

15  Q.        And then if you turn to the last page --

16  A.        Excuse me.

17  Q.        Yes?

18  A.        That's include my Social Security and

19  everything, you know.

20  Q.        Thank you.  Yes.  That's what it

21  represents.

22  A.        Yes.

23  Q.        Go to the last page, please.  You see at

24  the bottom, 23c reflects your net disposable income.

CHARLES K. NGUYEN

18

1    Do you see that?

2    A.        Yes.

3    Q.        Okay.  And that's reflected as $518.08 is

4    that correct?

5    A.        Subtract your monthly expense, yes.

6    Q.        Okay.

7    A.        Yes.  Everything I file here is right.

8    Q.        So it's all true and correct?

9    A.        Yes.

10   Q.        And what is your monthly pan -- excuse me,

11   plan payment?

12   A.        Plan payment right now for the court?

13   Q.        You're testifying, so you can't

14   actually --

15   A.        The bankruptcy?

16   Q.        -- ask him.

17   A.        The bankruptcy payment every month?

18   Q.        Yes.

19   A.        $518.

20   Q.        So your plan payment is all your

21   disposable income; is that correct?  All your

22   disposable income goes into the plan?

23   A.        The plan is after I filed this.

24   Q.        I understand.  Let me ask it another way.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA


In re:
Charles Nguyen and Hien Nguyen – Debtors
Case No.: 19-13854


EXHIBIT M-7

Description: Deposition of Hien Nguyen (p. 33)

Purpose: Hien testifies she does not own or operate a business.

HIEN T. NGUYEN

33

1    from my account, there is no other person sending

2    money to my account besides my son and my husband.

3    Q.        The August 23rd deposit, $2,560, who was

4    that from?

5                        THE INTERPRETER:  I'm sorry.

6              What date?

7                   MR. OFFEN:  August 23rd, $2560

8              mobile banking deposit.

9                        THE INTERPRETER:  Okay.  I see.

10                        THE WITNESS:  Those are from my

11             son.  When -- if my account is being

12             sufficient, I will send him back that

13             amount, and on August 30th, I send him

14             back the 2,000.

15   BY MR. NAHRGANG:

16   Q.        I think I asked this question before, but

17   I just want to make sure.  I don't want to forget.

18   You are not involved in any businesses right now

19   anywhere in the world, correct?

20   A.        That is correct.

21   Q.        And your testimony is that all deposits in

22   your account are either from Social Security, your

23   son, and then the one gift you mentioned?

24   A.        That is correct.

ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA


In re:
Charles Nguyen and Hien Nguyen – Debtors
Case No.: 19-13854


EXHIBIT M-12

Description: Deposition of Hien Nguyen (pp. 20–24)

Purpose: Further testimony confirming no business interest or control.